FILED
MAR 09 2010

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

BANK OF NEW YORK,
as successor trustee under the pooling and
servicing agreement dated Sept. 1, 1998,
WMC Series 1998-B without recourse, their
successors and assigns,

                Plaintiff,

    v.

DIANA JOYCE ROBERTS, AND ALL
OTHER OCCUPANTS OF THE
PROPERTY LOCATED AT 17930 NE
WASCO STREET, PORTLAND,
OREGON

                Defendant.

Civ. No. 09-01474-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

    Presently before the court is the motion filed by plaintiff Bank of New York ("Plaintiff")

Page 1 - FINDINGS AND RECOMMENDATION                 *AFW*

for remand to state court. For the reasons set forth below, Plaintiff's motion for remand should be granted.

*Background*

On December 11, 2009, Plaintiff filed a summary proceeding pursuant to OR. REV. STAT. ("ORS") § 105.105 *et seq.* in the Circuit Court of the State of Oregon for Multnomah County (case number 090005962E) seeking to evict Diana Joyce Roberts ("Defendant") and all other occupants of the property commonly known as 17930 NE Wasco Street, Portland, Oregon, 97230. Plaintiff alleges as grounds for the eviction that Plaintiff's predecessor-in-interest foreclosed on the property pursuant to ORS 86.705 *et seq.*; that Plaintiff is the owner of the purchaser's interest resulting from the sale and owner of fee simple title to the property; that Plaintiff is entitled to possession of the property by order of the Circuit Court of the State of Oregon, Multnomah County, dated April 6, 2007, and affirmed by the Oregon Court of Appeals July 2, 2009; that Defendant is unlawfully holding the property with force; and that Defendant is deemed a tenant at sufferance under ORS 91.040 and therefore not entitled to notice. On December 16, 2009, Defendant timely removed the actions to this court; a copy of the Complaint was attached to the Notice of Removal as Exhibit A. Plaintiff now moves for an order remanding this action to the state court on the ground that removal was improper. 28 U.S.C. § 1447.

Defendant claims that removal is proper pursuant to 28 U.S.C. § 1441 because the court has diversity jurisdiction and 28 U.S.C. § 1443 because the action deprives her of her due process and equal protection rights.

*Legal Standard*

"If at any time before final judgment is entered it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed. *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (*citing Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992)). A defendant has the burden to establish that removal is proper, and any doubt is resolved against removal. *Id.*; *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

A case may be removed from state court under 28 U.S.C. § 1441 only if the federal district court would have had original jurisdiction. 28 U.S.C. § 1441(a). The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989). The burden of establishing federal jurisdiction rests with the party seeking removal. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

Original jurisdiction exists in cases of complete diversity where each of the plaintiffs is a citizen of a state different from each of the defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Where there is complete diversity between the parties, removal is proper only if no party in interest properly joined and served as a defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89-90 (2005).

"Absent diversity of citizenship, federal question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A civil action filed in a state court may be removed to federal court if the claim is one "arising under" federal law. 28 U.S.C. § 1441(b). Whether a

claim "arises under" federal law for removal purposes is determined by the well-pleaded complaint rule. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). The federal question must appear on the face of the plaintiff's complaint. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Assuming only state law claims are pleaded in the complaint, removal jurisdiction is lacking. *Id.* A defendant may not create removal jurisdiction based upon her defenses or counterclaims. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

Under 28 U.S.C. § 1443(1), removal of an action commenced in state court is permitted "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Removal under § 1443(1) is proper only where (1) the right denied the removal petitioner arises under federal law providing specific civil rights stated in terms of racial equality, and (2) the removal petitioner must be denied or unable to enforce the specified federal rights in the state courts. *Johnson v. Mississippi*, 421 U.S. 213, 219-222 (1975). *Accord, California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) *cert. denied*, 402 U.S. 909 (1971). To fulfill the second prong of this test, the denial of federal rights normally must be manifested in a formal expression of state law. *See Johnson*, 421 U.S. at 219-22; *Greenwood v. Peacock*, 384 U.S. 808, 827-28 (1966); *Georgia v. Rachel*, 384 U.S. 780, 803-4 (1966). Removal under § 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Greenwood*, 384 U.S. at 824.

*Discussion*

As a preliminary matter, five of Defendant's alleged jurisdictional bases are eliminated. Defendant alleges jurisdiction under 28 U.S.C. §§ 1392 and 1652; neither of these sections is a jurisdictional provision or otherwise relevant to this case. Defendant also alleges jurisdiction under 28 U.S.C. § 1337, which grants district courts "original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337(a). This provision is not relevant to any claim or issue raised in this case because Plaintiff's complaint does not rely on any act of Congress; thus, this statute is inapplicable to whether removal is proper. Finally, Defendant alleges jurisdiction under 28 U.S.C. §§ 1367 and 2201. Section 1367 creates supplementary federal district court jurisdiction over state law claims that are transactionally related to a claim over which the district court has original jurisdiction; it does not create an independent source of federal jurisdiction. The court does not have original jurisdiction over Plaintiff's claim, and this statute is irrelevant. Section 2201 merely creates a remedy of declaratory judgment and other relief where the federal district court already has original jurisdiction under other statutes; it does not create an independent source of federal jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950); *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983). Again, the court does not have original jurisdiction over Plaintiff's claim and, thus, this statute also is inapplicable to whether removal is proper.

A.   28 U.S.C. § 1441.

Removal is improper under §1441(a) because the complaint does not does not disclose any basis for satisfying the jurisdictional minimum in diversity jurisdiction cases. *Abrego*

*Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (noting that the district court may review the complaint to determine whether it is "facially apparent" that the jurisdictional amount is in controversy). Defendant argues that the amount in controversy is satisfied because the property at issue is valued in excess of $189,000. Notice of Removal ¶ 11. Under ORS §§ 105.105 *et seq.*, the only issue for decision in a forcible entry and unlawful detainer ("FED") action is whether the plaintiff is entitled to possession of the property. *Kerr v. Jones*, 193 Or. App. 682, 685, 91 P.3d 828 (2004) (*citing Class v. Carter*, 293 Or. 147, 150, 645 P.2d 536 (1982)). There is no monetary value associated with a FED action unless Plaintiff seeks to recover damages. *See Oakleaf Mobile Home Park v. Mancilla*, 189 Or. App. 458, 465, 75 P.3d 908 (2003) *rev. den.* 84 P.3d 1080 (Or. 2004) (in FED action where landlord sought only to recover possession of real property, action was not for "damages"); *Deutsche Bank Nat'l Trust Co. v. Franco*, No. C 09-4392 SBA, 2009 WL 3045972, at *1 (N.D. Cal. Sep. 23, 2009) (in eviction action where plaintiff sought possession and damages, amount at issue limited to daily damages amount multiplied by number of days between initiation of suit and judgment); *Meglodon Fin., LLC v. March*, No. SACV 09-01355 GW (SS), 2009 WL 4929915, at * 1 (C.D. Cal. Dec. 11, 2009) (same). Plaintiff's action is an FED action and seeks only to recover possession of the property, not damages. Notice of Removal, Exh. A at Page 4, ¶ 7. Based on the record presented, the case does not meet the minimum amount in controversy to satisfy the requirements of 28 U.S.C. § 1332, thus removal under § 1441(a) is improper.

B.   28 U.S.C. § 1443.

Removal under § 1443(1) is improper. Defendant refers to and incorporates her Answer and Counterclaim in support of her argument that removal is proper. Notice of Removal ¶ 15.

Reading both documents together, it appears that Defendant contends that the ORS §§ 105.105 *et seq.* do not afford her an adequate opportunity to defend against a wrongful foreclosure and thus are unconstitutional; that this action is therefore a civil rights case under 42 U.S.C. § 1983; and that this court has jurisdiction over the § 1983 claim by virtue of § 1443. Notice of Removal at Page 1 and ¶ 15; Answer and Counterclaim at ¶¶ 4, 6.

The court need not engage in the *Johnson* analysis because on the face of the complaint jurisdiction is lacking. As stated above, the underlying state court action is an FED action against Defendant, and nothing alleged in Plaintiff's complaint depends on federal law in any way. *See Williams v. Nichols*, 464 F.2d 563, 564 (5th Cir. 1972); *50 By 50 Reo, LLC v. Butler*, No. CV 09-01685 MMM (JTLx), 2009 WL 1020836, at *3 (C.D. Cal. Apr. 14, 2009); *Integrity Inv. Group, LLC v. McLean*, NO. C07-06221 JSW, 2008 WL 820676, at *2 (N.D. Cal. Mar. 26, 2008). Also, as discussed above, defenses based on federal law do not provide a basis for removal. *See Caterpillar, supra*, 482 U.S. at 393. Finally on this point, Defendant's argument that Oregon law deprives her of due process is without merit. In *Lindsey v. Normet*, the Supreme Court held that the Oregon FED statutes do not deny due process of law inasmuch as the tenant is not foreclosed from litigating her right to damages or other relief by bringing a separate action and thus has "an opportunity to present every available defense." 405 U.S. 56, 66-67 (1972). Because Plaintiff's complaint raises only state law issues, Defendant's removal is improper.

Removal under 28 U.S.C. § 1443(2) is also improper. The record is entirely devoid of any evidence that Defendant is a federal officer or agent, or that it is authorized to act with or for such a person. Thus, the removal privilege created by this subsection does not apply to Defendant. *Greenwood*, 384 U.S. at 824.

*Conclusion*

Because Defendant fails to establish that removal is proper under either 28 U.S.C. §§ 1441 or 1443, Plaintiff's motion to remand should be granted.

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any are due March 23, 2010. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due April 6, 2010, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 8th day of March, 2010.

John V. Acosta
United States Magistrate Judge